PETIT et al. v. GERMAN INS. CO.

(Circuit Court, D. West Virginia. September 27, 1898.)

1. INSURANCE—ACTION ON POLICY—PLEADING.

Under Code W. Va. c. 125, §§ 62, 65, which provides that in an action on an insurance policy the defendant may file a statement setting up any special matter of defense, and that, if the plaintiff intends to rely on a waiver, estoppel, or confession and avoidance as to the matter so stated, he must file a statement in reply, setting out such grounds in general terms, such statements are in the nature of pleadings, and are subject to demurrer.

2. SAME—NOTICE OF LOSS—WAIVER.

A provision of an insurance policy requiring a written notice to be given of a loss thereunder is waived by the company where it receives a verbal notice and acts thereon.

3. SAME—CONDITIONS OF POLICY—WAIVER.

A provision of an insurance policy, by which the insured warrants that a clear space of 100 feet shall be maintained around the insured property, and which states that a violation of such requirement shall render the policy void, constitutes an express promissory warranty, a compliance with which is a condition precedent to a recovery on the policy, and the fact that the insurer has knowledge that it is not complied with, and makes no objection, does not constitute a waiver of the condition.[1]

On Demurrer by Defendant to a Reply Statement Filed by Plaintiff.

W. P. Hubbard, for plaintiffs.
Caldwell & Caldwell, for defendant.

JACKSON, District Judge. This is an action brought by the plaintiffs against the defendant insurance company to recover from the defendant $2,500, being the amount of insurance of the plaintiffs' property by defendant, which was lost by fire. The defendant pleads the general issue, and also files a statement in writing, under the statute of West Virginia, setting up grounds of defense. Code W. Va. c. 125, §§ 62–64. To this defense the plaintiffs reply by a statement in writing, as provided for by the sixty-fifth section of the same chapter of the Code, whereby the pleadings in insurance cases have been greatly simplified, it evidently being the intention of the legislature to do away with the technical pleadings of the common law in such cases. This section of the Code, as ap-

[1] As to waiver of condition in policy, see note to Insurance Co. v. Thomas, 27 C. C. A. 46.

plies to the question under consideration, is quoted, which provides that:

"If the plaintiff intends to rely upon any matter in waiver, estoppel or in confession and avoidance of any matter which may have been stated by the defendant as aforesaid, the plaintiff must file a statement in writing, specifying in general terms the matter on which he intends to rely."

The first question presented to the court for consideration arises upon the demurrer filed by the defendant to the statement of the plaintiffs in reply to defendant's pleadings and statement. It is contended by the plaintiffs that this statement is not a pleading, and that, therefore, a demurrer does not lie. Upon this question there is some conflict in the decisions of the courts, but I am inclined to think, under the decisions and rulings of our courts in West Virginia, that a demurrer will lie to the statements filed under the statute in cases of this character. It clearly was not the intention of the legislature to do away entirely with all pleadings in these cases, but to so simplify them as to render it unnecessary to resort to the intricate pleadings known to the common law. It must be apparent that whatever is necessary to constitute a demand on the one side or a defense on the other must appear in the pleadings, and, if the plaintiff's declaration is defective, or the defendant's pleadings are defective, or the statement filed under the statute by either party is defective, then either party, as the case may be, may avail himself of a demurrer. It is obvious, however, that if the plaintiff in his declaration and in his statement cannot maintain his action, then the expense of a trial can be and should be avoided by interposing a demurrer. I do not propose to discuss this question at length, but merely to state, in a short way, what appears to me to be the legal aspect of this question. The case of Bently v. Insurance Co., 40 W. Va. 729, 23 S. E. 584, which was elaborately argued, and very fully considered, sustains this view of the case, and I think it is better that there should be only one rule of action upon questions of this character in both federal and state courts. I reach the conclusion, therefore, that the demurrer of the defendant to the plaintiffs' statement of facts should be entertained, and as to this objection the demurrer is overruled.

The next question for consideration is, "Is the demurrer of the defendant sufficient?" Every question arising upon the demurrer in this case, in my judgment, would be more properly considered upon the trial of the case before a jury. The question as to whether the plaintiffs gave notice, as required by the contract of insurance, is a question of fact for the jury, under the instructions of the court. The statement of the plaintiffs is that notice was immediately given, and after the notice was given the defendant sent its adjusters to investigate the fire, and that within the 60 days prescribed the plaintiffs rendered a statement of loss to the defendant, to which the defendant made no objection. This statement of the plaintiffs is possibly not as full as it might be. It does not state why written notice was not given. The presumption is that the plaintiffs deemed it unnecessary, for the reason that the defendant acted promptly, upon the verbal notice given it,

by directing its adjusters to go and investigate the fire at once. If the defendant, as is alleged, had verbal notice of the loss, further notice would seem to be useless and unnecessary, if the defendant company acted upon it. It is true that the policy requires that the notice should be in writing, but the defendant company must be held to have waived that stipulation of the contract when it acted promptly upon the verbal notice, and sent its adjusters to the place where the fire occurred to examine into the loss occasioned by the fire. It was, therefore, estopped in requiring a notice of the loss as provided for in the policy of insurance, and as to this objection the demurrer is overruled.

The next question that arises upon the demurrer to the statement of the plaintiffs is that the statement does not affirm that the insured maintained a clear space of 100 feet, as required by the policy, from which omission in the statement it is inferred that the provision requiring a 100-foot space to be kept clear was not complied with by the insured; the plaintiffs alleging as an excuse for noncompliance with this provision that it was within the knowledge of the defendant company that this provision was not complied with, and that it never gave any notice with respect to its violation, but quietly acquiesced therein. The provision in the policy relating to this space is in the following written language:

"Warranted by the assured that a continuous clear space of 100 feet shall hereafter be maintained between the property hereby insured and any woodworking or manufacturing establishment, and that said space shall not be used for the handling or piling of lumber thereon for temporary purposes,—tramways, upon which lumber is not piled, alone being excepted; but this shall not be construed to prohibit loading or unloading within, or the transportation of lumber and timber products across. such clear space, it being specially understood and agreed by the assured that any violation of this warranty shall render this policy null and void."

It is claimed that this provision of the policy is an express warranty. An express warranty is a stipulation inserted in writing on the face of the policy on the literal truth or fulfillment of which the validity of the entire contract depends. Arn. Ins. (1st Ed.) 577. This definition is adopted by May, and sustained by several adjudications in this country. May, Ins. (2d Ed.) p. 179, § 156. Accepting this definition of a warranty as correct, can it be said that the statement of the plaintiffs as to this provision of the policy of insurance shows that it has been fully complied with? I think not, for the apparent reason that the plaintiffs fail to affirm that the space of 100 feet has been maintained as required by the terms of the policy. This provision is a condition precedent, and must be complied with by the insured. A failure upon their part to do so is a breach of their contract. A warranty is an agreement in the nature of a condition precedent, and must be strictly complied with. May, in his work, states this proposition to be the law, and cites numerous authorities in support of the position. May, Ins. (2d Ed.) p. 179, § 156. But it is claimed that the defendant waived this provision of the policy, because it was fully advised of the state of facts, and made no protest against the violation of this clause of the policy. It is true that this is not an affirmative, but a promissory, warranty,

requiring something to be done in this case during the continuance of the contract of insurance. I am not aware that the law makes any difference between an affirmative and a promissory warranty, where the warranty is expressed upon the face of the instrument. This is not a parol promise, but a written promise, and there is no stipulation in writing, executed between the parties, as required by the policy, that waives this stipulation in the policy of insurance. The effort upon the part of plaintiffs to avoid this condition of the policy by stating that "at all times up to the happening of said fire the defendant knew that the space was occupied, and that the defendant never in any manner objected to its occupation, or gave the plaintiffs any notice in respect to the same, but apparently acquiesced therein," is not, in my judgment, a sufficient reason why the plaintiffs, under the circumstances, should be excused from complying with the provisions of the contract of insurance. The knowledge of the defendant of the existence of these facts, and the manner in which the insured was using the space, does not, in any respect, control the written stipulation of the policy. It was not a stipulation that required the defendant to perform any act, but by its provisions the only requirement was one to be performed by the plaintiffs. There is no provision in the policy of insurance which required the defendant, in the event of a violation of any of its provisions, to give notice of any such violation. It is true that the statement alleges that the defendant knew of this violation. Admitting that to be so, the defendant had a right to rely upon the terms of its written contract, and no knowledge that it might acquire as to the violation of this stipulation would, of itself, constitute a waiver of the written terms. If the promissory warranty had been a verbal one, the doctrine might be different; but I do not understand, under the rulings of the courts, that, where there is a written and express stipulation upon the face of the policy of insurance, it can be waived by silence, though the insurer knew of its violation. The knowledge of the defendant of the existence of these facts, and the manner in which the insured was using this space, does not, in any respect, control the written stipulation of the policy. It is neither a waiver nor an estoppel, and could not have been waived, by the terms of the policy, without written consent having been indorsed upon it. To support the view I take of this case I rely upon the case of Imperial Fire Ins. Co. v. Coos Co., 151 U. S. 461, 14 Sup. Ct. 379, 38 L. Ed. 231. In that case the terms and conditions of the policy were that:

"This policy shall be void and of no effect if, without notice to the company, and permission therefor indorsed hereon, the premises shall be used or occupied so as to increase the risk, or if mechanics are employed in building, altering, or repairing the premises named herein, except in dwelling houses, where not exceeding five days in one year are allowed for repairs."

This provision of the contract of insurance was violated, in this: that the plaintiff, without the written consent of the defendant, and without its knowledge, employed mechanics to reconstruct portions of a building and a vault contained therein. The time in which the mechanics were engaged in their work occupied some four or five weeks, which was before the fire, and it does not appear that the fire

was the result of any work done or repairs made by the mechanics. In that case the court held that:

"Contracts of insurance are contracts of indemnity upon the terms and conditions specified in the policy or policies embodying the agreement of the parties. For a comparatively small consideration, the insurer undertakes to guaranty the insured against loss and damage upon the terms and conditions agreed upon, and upon no other, and when called upon to pay, in case of loss, the insurer therefore may justly insist upon the fulfillment of these terms. If the insured cannot bring himself within the conditions of the policy, he is not entitled to recover for the loss. The terms of the policy constitute the measure of the insurer's liability, and, in order to recover, the assured must show himself within these terms; and, if it appears that the contract has been terminated by a violation on the part of the assured of its conditions, then there can be no right of recovery. The compliance of the assured with the terms of the contract is a condition precedent to the right of recovery. If the assured has violated or failed to perform the conditions of the contract, and such violation or want of performance has not been waived by the insurer, then the assured cannot recover. It is immaterial to consider the reasons for the conditions or provisions on which the contract is made to terminate, or any other provision of the policy which has been accepted and agreed upon. It is enough that the parties have made certain terms and conditions on which their contract shall continue or terminate."

This decision evidently proceeds upon the ground that a written contract, solemnly entered into and executed by the parties to it, must bind the parties. Courts do not make contracts, but interpret and construe them whenever any question arises between the parties to them as to what are their terms and conditions. The case cited would seem to settle the questions arising upon the demurrer in the case under consideration. For the reasons assigned, the demurrer to this part of the statement must be sustained.