## 19963. SHELLNUT *v.* FEDERAL LIFE INSURANCE COMPANY.

Decided April 21, 1930.

*Owen V. Strother, Charles G. Reynolds, J. Wightman Bowden,* for plaintiff.

*Sidney G. Gilbreath Jr., Dillon, Calhoun & Dillon,* for defendant.

BELL, J. (After stating the foregoing facts.) In view of the express limitation upon the power of the agent who received the application, the company was not bound by the promise of the agent to call for and collect the premiums. This agreement amounted to an attempt to vary the written terms and conditions of the policy, and in the application itself the insured was given notice that representations and statements by such agent would not be binding upon the company unless contained in the application or the policy. "An insurance company may limit the power of its agent; and when notice that the agent's power is limited is brought home to the insured in such manner as would put a prudent man on his guard, the insured relies at his peril on any act of the agent in excess of his power. The insured is bound by plain and unambiguous limitations upon the power of the agent contained in his policy." *Reliance Life Insurance Co.* v. *Hightower,* 148 *Ga.* 843, 845 (98 S. E. 469). The present case is to be distinguished from the cases in which the application contained no express limitation upon the power of the agent, and also from cases involving contracts of fire insurance where the agent has power to issue the policy. A principal may qualify the authority even of a general agent, and will not be bound by the acts of such agent beyond the scope of his authority, where the person dealing with him has notice of the limitations thereon. See, in this connection, *New York Life Insurance Co.* v. *Patten,* 151 *Ga.* 185 (106 S. E. 183);

*Puckett* v. *Metropolitan Life Insurance Co.,* 32 *Ga. App.* 263 (122 S. E. 791); *Penn Mutual Life Insurance Co.* v. *Blount,* 33 *Ga. App.* 642 (1) (127 S. E. 892); *American National Insurance Co.* v. *Floyd,* 34 *Ga. App.* 541 (130 S. E. 531).

The fact that the agent had been accustomed to relieve other policy-holders of the trouble of remitting premiums to the home office by calling for and collecting the premiums in person, and that this "custom" had been approved or ratified by the company, does not alter the case. The rule that a custom of a business or trade may be binding upon the parties to a contract when it is of such universal practice as to justify the conclusion that it became by implication a part of the contract (Civil Code of 1910, § 1 (4)) can not make the custom a part of the contract where, as in the instant case, the alleged custom is inconsistent with the expressed provisions of the agreement. *Haupt* v. *Phœnix Mutual Life Insurance Co.,* 110 *Ga.* 146 (35 S. E. 342); *American Assurance Association* v. *Hardiman,* 124 *Ga.* 379 (52 S. E. 536); *Ham* v. *Brown Brothers,* 2 *Ga. App.* 71 (3) (58 S. E. 316); *Mays* v. *Hankinson,* 31 *Ga. App.* 473 (3) (120 S. E. 793), and cit.

The trial court did not err in disallowing the proffered amendment, nor in rejecting the evidence tendered in proof of the facts therein stated, and the judgment in favor of the insurance company was the only proper result that could have been reached under the evidence.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*