**ROBINSON et al. v. HOME INS. CO. \***
No. 7401.

Circuit Court of Appeals, Fifth Circuit.
Oct. 25, 1934.

\*Rehearing denied Dec. 10, 1934.

**4**

Wm. Hugh Stephens, of Savannah, Ga., and Edgar Watkins, of Atlanta, Ga., for appellants.

Geo. T. Cann, of Savannah, Ga., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was an action by the appellants on a policy of insurance issued to them by the appellee whereby the fishing boat Libbie, her body, tackle, etc., were insured at and from noon June 16, 1931, until noon of June 16, 1932, the policy, the body of which was printed, containing on its face the typewritten provision: "Warranted laid up, during the entire term of the policy, at dock, St. Marys, Georgia." Appellants' petition as amended alleged that the Libbie was destroyed by fire about April 26, 1932, while it was tied up on the St. Marys river, on the Florida side thereof, at a point 31½ miles up the stream from the town of St. Marys, after having been removed, for the purpose of clearing it of barnacles and worms, from where, prior to about April 25, 1932, it had been tied up "in the edge of the town of St. Marys." The petition as amended contained allegations to the following effect: The change of the location of the insured vessel did not change or increase the danger from fire. It was necessary, on or about the 25th day of April, 1932, to move the Libbie further up the port of St. Marys into fresh water to rid the boat of barnacles or ship worms accumulated thereon while in salt water, and on or about the 16th day of April, 1932, plaintiff notified Haines, Rankin & Co., who had delivered the policy for defendant to plaintiff, that the boat was to be moved into fresh water, and the boat was thereafter moved into fresh water for the purpose aforesaid. Before, at, and after the time of the issuance of the policy sued on, the appellee knew that the Libbie was a boat used as a Menhaden Fishing Steamer, and that it was the usual, universal, customary, and general practice of those engaged in operating steamers in the Menhaden Fishing Steamers' territory to move such steamers from salt to fresh water while laid up. The court sustained a general demurrer to the petition as amended, and dismissed the suit.

The policy sued on is one of marine insurance. Ætna Ins. Co. v. Houston Oil & Transport Co. (C. C. A.) 49 F.(2d) 121. The above set out typewritten provision is clear and unambiguous, and by its express terms purports to be a warranty. It is an express stipulation as to the location of the insured vessel "during the entire term of the policy." That provision quite plainly shows that the appellee did not consent to be liable in the event of the loss or destruction of the named vessel occurring at a place other than the one specified in the provision. It negatives the conclusion that appellant agreed to be liable for the destruction of the vessel while it was tied up at a point on the Florida side of the St. Marys river 31½ miles up the stream from the town of St. Marys. Ætna Insurance Co. v. Houston Oil & Transport Co., supra; Coleman Furniture Corporation v. Home Ins. Co. (C. C. A.) 67 F.(2d) 347; Werner v. Travelers' Protective Ass'n (C. C. A.) 37 F.(2d) 96. A warranty as to the place where the policy stipulates the insured vessel is to be located during the period covered by the policy makes the right of the insured to recover for damages or loss dependent upon the vessel being at the stated place when the damage or loss occurred; and if damage or loss occurs when the vessel is at a place other than the one named in the policy, the insured has no right to recover on the policy, though that place is quite as safe as the one named in the policy. Coleman Furniture Corporation v. Home Ins. Co., supra. Arnould on Marine Insurance and Average (11th Ed.) 833.

Nothing contained in the petition as amended indicated that anything done or said in behalf of the appellee led the appellants to believe that appellee consented that the insurance on the Libbie remain effective after a removal of it from the place named in the above set out typewritten provision, or that after the alleged removal appellee in any way recognized or admitted that it continued to be liable under the policy. A waiver of appellee's right under the promissory warranty did not result from its mere silence or inaction after the giving of the alleged

notice that the boat was to be moved. Neil Bros. Grain Co. v. Hartford Fire Ins. Co. (C. C. A.) 1 F.(2d) 904; Kentucky Vermillion M. & C. Co. v. Norwich U. F. Ins. Co. (C. C. A.) 146 F. 695; Petit v. German Ins. Co. (C. C.) 98 F. 800; United Firemen's Ins. Co. v. Thomas (C. C. A.) 82 F. 406, 47 L. R. A. 450. It was not made to appear that by waiver or estoppel the appellee lost the right to avail itself of a defense based on the promissory warranty.

The alleged custom as to moving such vessels as the Libbie from salt to fresh water while laid up cannot properly be given the effect of depriving the appellee of the benefit of a defense based on the above set out promissory warranty. The relations of the parties to the contract sued on are not governed or affected by the alleged custom because that custom is inconsistent with the explicit provision of the contract, "Warranted laid up, during the entire term of the policy, at dock, St. Marys, Georgia." That provision negatives the conclusion that the parties contracted with reference to the alleged custom. Haupt v. Phœnix Mutual Life Ins. Co., 110 Ga. 146, 35 S. E. 342; Shellnut v. Federal Life Ins. Co., 41 Ga. App. 386, 153 S. E. 102.

As the allegations of the petition as amended showed that the above set out promissory warranty contained in the policy sued on was breached by the appellants, and did not show in any way that appellee was precluded from setting up that breach as a defense, the above mentioned ruling was not erroneous. The judgment is affirmed.