**William CAMPBELL and the Western Bank, an Oregon Corporation, Plaintffs-Appellants,**

v.

**HARTFORD FIRE INSURANCE COMPANY, a Connecticut Corporation, Defendant-Appellee.**

No. 74–1381.

United States Court of Appeals, Ninth Circuit.

April 1, 1976.

Mark H. Wagner (argued), of Souther, Spaulding, Insley, Williamson & Schwabe, Portland, Ore., for plaintiffs-appellants.

Alex L. Parks (argued) and William F. White (argued), of White, Sutherland,

Bronstein & Parks, Portland, Ore., for defendant-appellee.

## OPINION

Before CHAMBERS and KENNEDY, Circuit Judges, and JAMESON,* District Judge.

ANTHONY M. KENNEDY, Circuit Judge:

This case involves the interpretation of a marine insurance policy. The principal issue is whether the "held-covered" clause entitles an owner to recover for the loss of a vessel, despite the breach of an express warranty in the policy. This diversity action was brought under 28 U.S.C. § 1332 by James Campbell, owner of the vessel, against his insurer, the Hartford Fire Insurance Company. The district court held that plaintiff could not recover. We affirm.

Campbell purchased the marine policy to insure his fishing vessel, the *Tinkerbell.* Among several clauses limiting coverage, the policy included a warranty that the *Tinkerbell* would be "laid up and out of commission" from October 1, 1971, to April 13, 1972.

In the first week of September 1971, Campbell entrusted the *Tinkerbell* to one Gentry, with instructions to sail the vessel from Brookings, Oregon, north to Charleston, Oregon, and there to lay it up for the winter. Gentry proceeded toward Charleston and docked at Port Orford after one day's sail. Various mechanical problems had arisen. Gentry kept the vessel at Port Orford for about a month and one-half, making repairs from time to time and taking the vessel on occasional fishing trips. The vessel was not laid up. On October 20, 1971, a storm washed the *Tinkerbell* ashore, resulting in its constructive total loss.

The parties agreed that Campbell first learned of the breach of the lay-up warranty when he was advised of the loss of the vessel, and that he notified Hartford of these events immediately thereafter.

■ It is further stipulated that the question of coverage under the policy is governed by English law, which requires a strict and literal compliance with express policy warranties. Marine Insurance Act of 1906, 6 Edw. 7, c. 41, § 33(3). It is well settled that "[n]o cause, however sufficient; no motive, however good; no necessity, however irresistible, will excuse non-compliance with an express warranty." 2 Chorley, Arnould on the Law of Marine Insurance and Average § 635 (13th ed. 1950). Moreover, the rule applies even where the subsequent loss cannot be traced to the breach. *Id.* at § 633.

Appellant admits failure to comply with the lay-up warranty, but contends that he may recover the loss despite this breach because of the held-covered clause in the policy. This clause provides:

Held covered in case of any breach of warranty as to cargo, trade, locality or date of sailing, provided:

(A) Such event occurs without the actual privity or prior knowledge of the Assured, and

(B) Immediately upon becoming aware of such event the Assured shall give notice thereof to the Underwriters and agree to pay additional premium as required.

■ The held-covered clause protects the owner of the vessel from the harsh results of inadvertent failure to comply with specified warranties of the policy. By including the clause, the insurer accepts the greater risk occasioned by a possible failure to comply with those warranties, on condition that the breach is not wilful,[1] the assured gives prompt notice in the event a breach occurs,

---

* Honorable William J. Jameson, Senior United States District Judge, Billings, Montana, sitting by designation.

1. Held-covered clauses are not designed to permit the assured to voluntarily change the scope of the risk by wilfully breaching the warranty

and thereupon tendering the increased premium. The clause rather is intended to protect the assured from a particular hazard, namely,

and agrees to pay an additional premium. All stipulate those conditions were met here. The sole issue for decision is whether the clause is applicable to the breach of the lay-up warranty. Hartford raises two arguments that it is not applicable in this case, and we consider these in order.

█ Hartford's first argument is that the notice given by Campbell was ineffective because it was not given until after the loss had occurred. The insurer argues that, "[i]f the policy can be reinstated after the loss by payment of a few cents additional premium, the warranties are mere idle gestures." We cannot agree. The warranties would indeed be idle gestures if the assured had the option of waiting for the loss to occur before notifying the insurance company and tendering the additional premium. The clause, however, expressly requires prompt notification, and failure to comply with that requirement would prevent reinstatement of the policy. Here, however, the breach was unintentional on the part of the assured and he notified the company immediately upon learning of it. The fact that he became aware of the breach only after the loss had occurred will not prevent recovery. Case authority in England and in this circuit supports this conclusion. *Greenock Steamship Co. v. Maritime Insurance Co.*, [1903] 1 K.B. 367, 374–75 (1902); *Mentz, Decker & Co. v. Marine Insurance Co.*, [1910] 1 K.B. 132, 135 (1909); *see Kalmbach, Inc. v. Insurance Co.*, 529 F.2d 552 (9th Cir. 1976).

█ The more substantial issue is whether the held-covered clause here applies to a breach of the lay-up warranty. The district court held that it does not because the lay-up warranty is not one of the four warranties listed in the held-covered clause. Appellant does not contend that the lay-up warranty pertains to trade, location, or date of sailing. Appellant does contend, however, that the lay-up warranty pertains to locality, so that it is within the fourth category of warranties to which the held-covered clause applies.

We agree with appellant that the terms of an insurance policy must be construed strictly against the insurer, resolving all doubts in favor of the assured. *Kalmbach Inc. v. Insurance Co., supra*, at 555. Yet the meaning attributed to a provision of the contract must be supported by its language. Thus, while an ambiguous term is given the meaning most favorable to the assured, it will not be attributed a meaning to which it is not reasonably susceptible. We agree with the district court that in this case, "No reasonable interpretation of the word 'locality' could bring the breach of the lay up warranty under the protection of the held covered clause."

The lay-up warranty is concerned not with the location of the vessel at a particular time, but rather with the condition of the vessel during the winter months—namely, whether she has been secured, according to local custom, in a manner which will protect her from the perils of inclement weather. *Gelb v. Automobile Insurance Co.*, 168 F.2d 774, 775 (2d Cir. 1948); *Poulos v. Fireman's Fund Insurance Co.*, 231 N.Y. S.2d 206, 207 (Sup.Ct.1962). Lay up in any location appropriate for that purpose would have constituted compliance with the warranty we are here considering. Such a warranty is not one as to location but only as to condition. This conclusion is supported by cases passing on the issue of whether there has been compliance with the lay-up warranty. In such cases, the inquiry consistently turns not on where the vessel is located, but on how it has been safeguarded and secured. *Poulos v. Fireman's Fund Insurance Co., supra; Gelb v. Automobile Insurance Co., supra.*

There are cases where the policy requires lay up in a particular location. *E. g., Robinson v. Home Insurance Co.*, 73 F.2d 3 (5th Cir. 1934) (where assured had warranted to lay up vessel at St. Mary's, Georgia, lay up

that, despite his best efforts to the contrary, he or his crew fail to comply with the terms of a warranty. See Long, *"Held-Covered" Clauses in Marine Insurance Policies*, 24 Ins. Counsel J.

401, 404–06 (1957). Whereas some held-covered clauses are ambiguous on this point, the express terms of the clause we are here considering leaves no doubt on this issue.

**499**

in a different location constituted a breach of warranty); *Harris v. Glens Falls Insurance Co.*, 6 Cal.3d 699, 100 Cal.Rptr. 133, 493 P.2d 861 (1972) (vessel warranted laid up in Sausalito, California). Since the clause here in question is not of that type, we need not consider whether the addition of a location requirement for lay up would render the clause so ambiguous that we would be required to construe the policy in favor of the assured and regard the warranty as pertaining to location.

■ Since we hold that a breach of the lay-up warranty cannot be negated by the operation of the held-covered clause in this policy, we briefly consider appellant's other argument—that he is entitled to recover under the Inchmaree clause of the policy. The Inchmaree clause protects the assured from various hazards, including losses occasioned by the negligence of the master and crew. Appellant argues that Gentry's negligent failure to lay up the vessel was the proximate cause of its destruction. The trial court found that Gentry was not negligent. In light of the difficulties Gentry experienced with various malfunctions of the vessel, we hold that it was not clearly erroneous for the district court to find that failure to continue the voyage to Charleston for lay up was not negligent.

AFFIRMED.