839 F.2d 1366
 1988 A.M.C. 1839
 NORTHWESTERN NATIONAL INSURANCE COMPANY; Highlands
Insurance Company; St. Paul Fire and Marine
Insurance Company; U.S. Fire and
Insurance Company; Royal
Insurance Company,
Plaintiffs-Appellees,
v.
FEDERAL INTERMEDIATE CREDIT BANK OF SPOKANE, WASHINGTON,
Defendant-Appellant.
 No. 87-3649.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 4, 1988.
Decided Feb. 23, 1988.
 
 Michael H. Williamson and Casey A. Nagy, Madden, Poliak, MacDougall & Williamson, Seattle, Wash., for defendant-appellant.
 Charles A. Ford, Bauer, Moynihan & Johnson, Seattle, Wash., for plaintiffs-appellees.
 Appeal from the United States District Court for the Western District of Washington.
 Before WRIGHT, ALARCON and POOLE, Circuit Judges.
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 In this marine insurance case, we consider whether a held-covered clause operates to extend coverage beyond the terms of the trading warranty. We find that, because the assured failed to satisfy the conditions of the held-covered clause, the loss of his vessel was not covered.
 
 BACKGROUND
 
 2
 Northwest National Insurance and the other appellees, insurance underwriters, insured the hull and machinery of the ARCTIC MIST, a fishing vessel, from June 1984 until June 1985. Rollins, Burdick, and Hunter (RBH), an insurance agent/broker, arranged the policy for the owner of the ARCTIC MIST. Federal Intermediate Credit Bank, the appellant, holds a mortgage on the vessel.
 
 
 3
 The policy included a trading warranty that limited coverage to "the waters and tributaries of Puget Sound and the coastal waters of Washington and Oregon." It included also a "held-covered" clause:
 
 
 4
 The Vessel is held covered in case of any breach of conditions as to cargo, trade, locality, towage or salvage activities, or date of sailing, or loading or discharging cargo at sea, provided (a) notice is given to the Underwriters immediately following receipt of knowledge thereof by the Assured, and (b) any amended terms of cover and any additional premium required by the Underwriters are agreed to by the Assured.
 
 
 5
 The ARCTIC MIST sank in May 1985, near Kodiak Island in Southeast Alaska. The insurers sought declaratory relief in federal court, asserting that because the ARCTIC MIST was in violation of the trading warranty when it sank, the loss was not covered. The assured owner claimed that the loss was covered by the held-covered clause or, alternatively, that RBH had modified the policy to cover the trip.
 
 
 6
 For the purposes of summary judgment, the district court assumed these facts: Before the ARCTIC MIST left for Alaskan waters, the assured requested that RBH modify the trading warranty to cover the trip to Alaska. RBH told him that the change would be made and that he would receive notice of any increase in the premium. Based on this exchange, the assured believed that the policy covered the trip to Alaska. He did not discover that the warranty had not been modified and did not extend to Alaskan waters until after the vessel was lost. Immediately upon learning that the ARCTIC MIST had operated in violation of the trading warranty, the assured notified the carrier.
 
 
 7
 The court granted summary judgment for the insurers. It concluded that the held-covered clause did not excuse the breach, RBH was not an agent of the insurers with respect to marine insurance, and the trading warranty was breached. The bank appeals.
 
 ANALYSIS
 
 8
 Appellate courts review de novo grants of summary judgment. David v. United States, 820 F.2d 1038, 1040 (9th Cir.1987). Summary judgment is affirmed if, when viewing the evidence in the light most favorable to the losing party, the Court finds that no "genuine issue of material fact exists" and that the moving party "was entitled to judgment as a matter of law." David, 820 F.2d at 1039-40. The bank challenges only the court's conclusions of law, arguing that the court erred in interpreting the policy and in failing to find that RBH was an agent of the insurers.
 
 
 9
 A held-covered clause "is intended to protect the assured from a particular hazard, namely, that, despite his best efforts to the contrary, he or his crew fail to comply with the terms of a warranty." Campbell v. Hartford Fire Ins. Co., 533 F.2d 496, 497-98 n. 1 (9th Cir.1976), citing Long, "Held Covered" Clauses in Marine Insurance Policies, 24 Ins.Counsel J. 401, 404-06 (1957). The effect of a held-covered clause is that the vessel remains covered if it breaches one of the warranties specified in the clause. Kalmbach v. Ins. Co. of the State of Pennsylvania, 529 F.2d 552, 556 (9th Cir.1976). Even if the assured does not notify the insurer until after the loss, the held-covered clause extends coverage, provided the assured did not know of the breach before that time. Campbell, 533 F.2d at 498.
 
 
 10
 The district court erred in concluding that the trading warranty controlled the policy even though the held-covered clause provided specifically that the ARCTIC MIST was insured "in case of any breach of conditions as to ... trade." When the held-covered clause is unambiguous, courts must apply it as written. Kalmbach, 529 F.2d at 556. The held covered clause in this case is not ambiguous and may excuse a breach of the trading warranty.
 
 
 11
 Having concluded that the clause may excuse the assured's breach, we consider next whether he satisfied its conditions. That clause provided that a loss would be covered if:
 
 
 12
 (a) notice is given to the Underwriters immediately following receipt of knowledge [of any breach] by the Assured, and (b) any amended terms of cover and any additional premium required by the Underwriters are agreed to by the Assured.
 
 
 13
 The assured knew several months before the vessel sailed north that the ARCTIC MIST would be operating outside of the trading warranty. To satisfy the notice requirement he had to notify the insurers at once. If RBH were the agent of the insurers, the assured's communication with RBH regarding modification of the policy would constitute notice to the insurers. Busk v. Hoard, 65 Wash.2d 126, 134, 396 P.2d 171, 175 (1964) (en banc).
 
 
 14
 To determine whether an actual agency relationship exists, Washington law requires that courts look to whether the parties consented mutually to the principal-agent relationship. The scope of an agent's authority is determined by the scope of that consent. Cf. Skagit State Bank v. Rasmussen, 109 Wash.2d 377, 388, 745 P.2d 37, 42-43 (1987) (en banc). RBH was not an agent who could act for the insurers on matters of marine insurance because the insurers and RBH did not agree that RBH would serve as their agent in that type of coverage.
 
 
 15
 Despite the limited authority of RBH, the bank argues that RBH was made a general agent by RCW 48.17.270 (1984):
 
 
 16
 A licensed agent may be licensed as a broker and be a broker as to insurers for which he is not then appointed as agent. A licensed broker may be licensed as and be an agent as to insurers appointing him as agent. The sole relationship between a broker and an insurer as to which he is appointed as an agent shall, as to transactions arising during the existence of such agency appointment, be that of insurer and agent.
 
 
 17
 The bank interprets this to mean that, if a broker is an authorized agent for some kinds of insurance, he is also an agent for all kinds. We agree with the district court that RCW 48.17.270 does not supersede the parties' consent for determining the scope of the agent's authority.
 
 
 18
 The bank argues that, if RBH did not possess actual authority, it must have had apparent authority to act as the insurers' agent. A finding of apparent authority requires that the principal hold out the apparent agent as its agent, or act in a way to indicate that the apparent agent is its agent in fact. See J. & J. Food Centers v. Selig, 76 Wash.2d 304, 309, 456 P.2d 691, 694 (1969).
 
 
 19
 We agree with the district court that Northwest National and the other insurers did not present RBH as their agent or act in a way that would mislead the assured. RBH did not possess actual or apparent authority to act as the insurers' agent. Because it was not an agent of these insurers, the assureds' notice to RBH does not constitute notice to the insurers to satisfy the held-covered clause.
 
 
 20
 Because RBH was not an agent of the insurers, we reject the argument that RBH modified the policy to extend the trading warranty to cover the waters of Southeast Alaska.
 
 
 21
 As an alternate ground for recovery, the appellant argues that, under Washington law, an insurer cannot refuse to pay a claim on the ground that the assured breached the terms of the policy unless the breach is found to have caused the loss. The argument is first asserted on appeal.
 
 
 22
 Because it was not presented below, the court made no findings concerning whether the breach caused the loss. We shall not consider it.
 
 
 23
 The judgment is AFFIRMED.