(114 App. Div. 769)

### CAREY v. JOHN HANCOCK MUT. LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department.   July 24, 1906.)

INSURANCE—LIFE POLICY—ESTOPPEL AFFECTING FORFEITURE.

Where it was customary for the insurer in a life policy to cause a collector to call for premiums, but he failed to call when a premium was due, and told insured that he had been instructed not to call, whereupon insured tendered the premium at the office, and was informed that the policy had lapsed, the insurer was estopped from claiming a forfeiture.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 1026–1033.]

Appeal from City Court of Yonkers.

Action by William Carey against the John Hancock Mutual Life Insurance Company.   From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Frederick C. Tanner, for appellant.

William Riley, for respondent.

HIRSCHBERG, P. J.   Although the case is not free from error, I think the judgment and order may be affirmed.   I find nothing in the rulings excepted to, calculated to affect the result.   The action is upon a policy of life insurance issued for the plaintiff's benefit upon the life of the plaintiff's wife.   The policy is for the sum of $250, and provides for weekly payments of 19 cents each.   No place is specified in the policy for the payment of the premiums, but the defendant's practice was to send a collecting agent weekly to the house of the insured, where payments were made regularly by the plaintiff.   The defense was that by the terms of the policy it had become void by failure to pay the premiums after December 7, 1904.   The insured died on the 22d day of March, 1905.   The plaintiff made application to the defendant for blank proofs of death, and was informed by the latter in writing that it claimed that the policy had lapsed by reason of nonpayment of premiums.   It appeared, however, that the plaintiff was always prepared to pay the premiums; that he had the money at the house for that purpose; that after the last payment was received the collector failed to call again; that the plaintiff inquired the reason why, and was informed by the collector that he had been instructed not to call any more for premiums; and that he then went to the defendant's office with the money, and tendered it to the superintendent, who refused to receive it, claiming that the policy had lapsed.   The collector himself testified that he was notified by the defendant's assistant superintendent not to go to the plaintiff and collect the premiums; adding that the assistant superintendent further stated "that the woman was very sick, and it looked as if she had the consumption and would likely die, and they wanted to get the policy lapsed."   Forfeitures are not favored, and good faith is required in the performance of contracts.   The course of dealing between the parties in this case fully justified the jury in concluding that the policy had not in fact lapsed, and in any event must be deemed sufficient to estop the defendant from asserting a forfeiture.   The un-

derlying principle has often been enforced in this state. In Attorney General v. Continental Life Ins. Co., 33 Hun, 138, the company had been in the habit annually of sending a notice to the insured of the maturity of a premium, stating the amount of dividend which was applicable in reduction, and on receipt of such notice the insured paid the net amount at a bank. No notice was sent at the time of the maturity of the premium, shortly prior to the death of the insured, and that premium was accordingly unpaid. It was held that the company could not set up the failure of the deceased to pay the premium as a defense to an action upon the policy, since from the course of dealing between the parties he had a right to believe that a notice would be given to him of the amount due when the company required it to be paid. In Leslie v. Knickerbocker Life Ins. Co., 63 N. Y. 27, it was held that an insurance company could not by its own act effect a lapse of a policy; the general principle being asserted that where a party to a contract who is entitled to a forfeiture in case of nonperformance by the other party of a condition therein, by his own act induces such other to omit strict performance within the time limited, he cannot exact the forfeiture if the party in technical default with reasonable diligence thereafter performs or offers to perform. The same principle was enforced in Meyer v. Knickerbocker Life Ins. Co., 73 N. Y. 516, 29 Am. Rep. 200, where the payment of premium was omitted because the company failed on request to inform the insured, in accordance with its custom, of the amount of a dividend, which the insured was in the habit of deducting when declared, and it was held that the company was prohibited from claiming a lapse of the policy. To the same effect are Whitehead et al. v. New York Life Ins. Co., 102 N. Y. 143, 6 N. E. 267, 55 Am. Rep. 787; Wyman, as Adm'x, v. The Phœnix Mutual Life Ins. Co., 119 N. Y. 274, 23 N. E. 907; Kenyon et al. v. Knights Templar & Masonic Mutual Aid Ass'n., 122 N. Y. 247, 25 N. E. 299; and De Frece v. National Life Ins. Co., 136 N. Y. 144, 32 N. E. 556.

The judgment and order should be affirmed.

Judgment and order of the City Court of Yonkers affirmed, with costs. All concur.