VINGINERRA v. COMMERCIAL CASUALTY INS. CO.

(Supreme Court, Appellate Term, First Department.   December 30, 1915.)

1. INSURANCE ☞645—INDUSTRIAL POLICY—LOSS OF SIGHT—FAILURE OF PROOF.

Where assured sought to recover for the loss of sight in one eye, under an industrial accident and health policy which provided for such indem-nity only in case of "the irrevocable loss of the entire sight thereof," and the evidence showed that the sight was not wholly lost, there being no allegation in the complaint seeking indemnity for other injuries received in the same accident, as brought out in evidence, and no motion to con-form the pleadings to the proof, a judgment for plaintiff was erroneous, since it was wholly unsupported by the evidence.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1632–1644;   Dec. Dig. ☞645;   Pleading, Cent. Dig. § 1330.]

2. INSURANCE ☞388—INDUSTRIAL POLICY—COLLECTING PREMIUMS—FOR-FEITURE.

Where the premiums under such policy were payable in monthly install-ments, and were collected by the defendant's collector, who receipted therefor in a receipt book issued to assured by defendant, such book con-taining the recital, "First premium must be paid on or before July 15, and on or before the ——— day of each month thereafter to the above-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

named collector," the policy did not lapse for failure to pay an install-
ment, where the collector did not call for it when due.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1026, 1027,
1030, 1035, 1040, 1057; Dec. Dig. ⊕⟶388.]

3. INSURANCE ⊕⟶296 — INDUSTRIAL POLICY — APPLICATION — OCCUPATION —
MISREPRESENTATION.

The fact that plaintiff was engaged in shoveling concrete in a covered
excavation already dug as part of the New York subway did not neces-
sarily render his statement, in the application for such policy, that his
duties were "digging, not handling explosives, no tunneling," the misrep-
resentation of a material fact.

[Ed. .Note.—For other cases, see Insurance, Cent. Dig. § 674; Dec. Dig.
⊕⟶296.]

Appeal from Municipal Court, Borough of Manhattan, Fourth Dis-
trict.

Action by Salvatore Vinginerra against the Commercial Casualty
Insurance Company. Judgment for plaintiff, and defendant appeals.
Reversed.

Argued December term, 1915, before GUY, PAGE, and PHIL-
BIN, JJ.

Otto D. Parker, of New York City (Otto J. Christ, of New York
City, of counsel), for appellant.

Charles A. Oberwager, of New York City (Benjamin Krauss, of
New York City, of counsel), for respondent.

PAGE, J. [1] The action is brought to recover $85.33 alleged to
be due to the plaintiff pursuant to the terms of a policy of industrial
accident and health insurance, whereby the said sum was provided to
be paid to the insured as indemnity for the accidental loss of an eye.
The policy contained a provision that:

"In every case referred to in this policy * * * the loss of an eye or eyes
shall mean the irrevocable loss of the entire sight thereof."

The plaintiff showed that while working at shoveling concrete, in
the construction of the subway at Fifty-Seventh street, New York
City, he was struck over the eye with a piece of concrete, and was
compelled to spend five weeks in the hospital, and suffered an im-
pairment of the sight of one eye. No physician or other expert was
called to demonstrate the condition of the plaintiff's eye. The only
testimony on the subject was that of the plaintiff himself, from which
it appeared clearly from certain tests made at the trial that the plain-
tiff still had sight in the injured eye. The plaintiff was therefore not
entitled under the terms of his policy to indemnity for the loss of an
eye, which was the only indemnity claimed in the complaint.

There was certain other evidence of injury showing that the plain-
tiff had suffered lacerations of the nose and head and had been con-
fined in a hospital; but the duration of the disability occasioned there-
by was not shown, and there was no evidence to bring the case within
any specific clause of the policy. Furthermore, no damage other than
for the lost eye was pleaded, and there was no motion to conform

⊕⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the pleadings to the proof. I am of the opinion, therefore, that the judgment was wholly unsupported by proof and must be reversed.

[2] As there must be a new trial, some of the other points raised by the appellant will be given consideration. It has been held that, where the premiums of an insurance policy have been collected regularly at the home of the insured by an agent of the company, nonpayment of a premium when due, owing to failure of the agent to call for it, will not render the policy lapsed. Carey v. John Hancock Mutual Life Ins. Co., 114 App. Div. 769, 100 N. Y. Supp. 289, and cases cited. This rule should be held especially applicable to a case like the present one, where the insured is an illiterate day laborer and the premium payable in small monthly installments. Furthermore, the insured was in this case furnished by the defendant with a receipt book, in which the premiums paid by him to "Joseph Dinolfo, Collector," were receipted for each month, and which book contained a recital:

"First premium must be paid on or before July 15th, and on or before the ———— day of each month thereafter, to the above named collector."

It was clearly the defendant's fault that no collector appeared to receive the premiums from the plaintiff on November 15th, and the policy did not lapse by reason thereof.

[3] The defendant's claim that there was a misrepresentation of fact material to the risk in the application is also untenable. The application states that the duties of the plaintiff in his occupation of laborer are "Digging—not handling explosives; no tunneling." It appeared from the evidence that the plaintiff was employed in shoveling concrete in the subway at Fifty-Seventh street, New York. While it was true that this work was being performed in a covered excavation, there is no evidence in the record to show that the work being done by the plaintiff was tunneling. It would seem, on the contrary, that the work of subway building, except where the subway goes under the river, or in some localities of the city, where it goes through a hill, is more correctly described as "excavating," which is the precise term used in the application to describe the business conducted by the employer of the insured. But even if the employer of the insured were engaged in tunneling, within the meaning of the policy, it would not necessarily follow that the business of shoveling concrete in a tunnel which was already dug would be tunneling.

The judgment appealed from is reversed, and a new trial granted, with $30 costs to the appellant to abide the event. All concur.