17352. MOMAN *et al. v.* BANKERS HEALTH & LIFE
INSURANCE COMPANY.

1. The conditional acceptance of the past-due premiums after the contract of insurance had lapsed did not have the effect of reinstating the policy.
2. By reason of its custom of accepting past-due premiums and maintaining the policy of insurance in force after it had lapsed for failure to pay premiums in accordance with the terms of the contract, the insurer waived the right to invoke the forfeiture clause in the policy, and the court erred in overruling the certiorari.

DECIDED JULY 13, 1926.

Certiorari; from Bibb superior court—Judge M. D. Jones. March 3, 1926.

*J. D. Hughes,* for plaintiff. *Turpin & Lane,* for defendant.

LUKE, J. Plaintiffs, who were beneficiaries in a policy of insurance issued to their mother by defendant, by their next friend sued the insurer, in the municipal court of Macon, for a death claim of $50 alleged to be due them under the terms of said policy. A verdict was directed for defendant. The case was carried by certiorari to the superior court, and the judge overruled the certiorari.

The policy, issued August 13, 1923, stipulated for the payment of a weekly premium of twenty-five cents to the defendant "or its authorized representative, on or before each Monday during the continuance of this contract." The death benefit under the policy was $50, and the weekly sick benefit, $5. The policy contained the following pertinent clauses: "14. All premiums must be paid on Monday of each week, and any one failing to pay for four Mondays forfeits all he or she may have paid the Company." "16. No revival of policy shall be had except on payment of all back dues, and not then unless the insured is in good health." The insured was shot in the back on June 15, 1925, and died from the effects of her wound on June 25, 1925. By its terms the policy of insurance lapsed on June 22, 1925, for non-payment of dues. On June 24, 1925, an agent of the insured paid to a Miss Criswell, at the company's office, $1.50, which was enough to pay up all back dues and reinstate the policy. For said payment the following receipt was given:

"Revival Receipt. The Bankers Health & Life Insurance Company, Home Office: Macon, Ga.

---

Insurance, 32 C. J. p. 1348, n. 2.
Life Insurance, 37 C. J. p. 495, n. 86 New; p. 536, n. 79.

"Received of Susie Moman $1.50, being the arrears on Policy No........ which the applicant desires the Company to revive. If the Company accepts the revival application, the above account will be credited in the premium receipt book belonging with the above numbered policy; otherwise the money will be returned. Under no circumstances will the Company be liable under said policy, in case of death, unless the policy has been endorsed as having been revived on the books of the Company, and delivered during the lifetime and good health of the insured, and money credited in said Premium Receipt Book. If the policy is not revived the money will be returned. [Signed] E. Criswell, Agent."

A witness for the plaintiffs testified that at the time she paid said $1.50 to Miss Criswell, "who was in charge of the office of the company," she explained to her the serious condition of the insured; also that at the same time she presented a "sick claim" (which was in evidence), describing insured's condition. Defendant's vice-president swore that Miss Criswell's duties were to receive premiums on policies at the defendant's office, and that said $1.50 paid her, and for which said receipt was given, was tendered by witness to the attorney for plaintiffs in error after he had demanded payment of the policy. The evidence adduced as to the conditional accepting of past-due premiums by Miss Criswell did not have the effect of reinstating the insurance.

2. The controlling question in this case is whether or not by its conduct in accepting past-due premiums and maintaining the policy in force when by its terms it might have been terminated, the company waived the forfeiture clause of the policy, and estopped itself from claiming the right of forfeiture as against plaintiffs in error. The following appears from the record:

Premium due May  5, 1924, was not paid until June 28, 1924.
Premium due May 12, 1924, was not paid until June 28, 1924.
Premium due May 19, 1924, was not paid until June 28, 1924.
Premium due May 26, 1924, was not paid until June 28, 1924.
Premium due Nov.  3, 1924, was not paid until Nov. 25, 1924.
Premium due Apr.  6, 1925, was not paid until May  5, 1925.

Without going further into this feature of the evidence, and without giving the many instances when past-due premiums were accepted at times more than "four Mondays" after they were due, suffice it to say that the foregoing is amply sufficient to establish

a custom on the part of the defendant of accepting past-due premiums and continuing the policy in force when it could have declared the contract terminated under its express terms. But the able attorney for the defendant in error insists that the acceptance of past-due premiums when the insured was in good health did not warrant her in assuming that the insurer would accept such premiums when she was not in good health. The record being silent as to the condition of the health of the insured when the past-due premiums were accepted, we shall assume that she was in good health at such times. In *Bankers Health & Life Ins. Co.* v. *Givvins,* 12 *Ga. App.* 378 (77 S. E. 203), which is strikingly like the case at bar, the headnote reads: "Where the insurer, by his custom of dealing with the insured, in receiving, without objection, premiums or assessments past due, when he could have insisted upon a forfeiture, has induced the belief on the part of the insured that premiums or assessments can be paid within a reasonable time after they mature, the insurer can not claim a forfeiture because, at the time of the death of the insured, premiums or assessments were due by him which, had he lived, it is reasonable to suppose would have been accepted upon the same terms as those upon which other deferred payments had been received." In *Cotton States Life Ins. Co.* v. *Lester,* 62 *Ga.* 247 (35 Am. R. 122), the court held, "That the conduct of the company, in its habit of receiving premiums at other times than on the days fixed in the policy, operated as a waiver of time as of the essence of this contract with the insured; and that payment of the last premium within a reasonable time, according to custom, after due by the policy, was equivalent to payment on the day due by the policy, and that the policy is valid and binding, notwithstanding the sickness of the insured at the date of the last payment, and the insertion of the words in respect to her health by the home agent and secretary in the last receipt." Applying the law to the facts of this case, we hold that the insurer had by its conduct waived the right to invoke the forfeiture clause in the policy, and that the court erred in overruling the certiorari.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*