### 18090. LIFE INSURANCE CO. OF VIRGINIA v. BARTLETT.

1. The demurrer on the ground that the petition showed that no beneficiary was named in the policies declared on, and that the plaintiff was neither executor nor administrator of the deceased insured, his wife, was not sustainable.

2. Under previous rulings applied to the facts of the case, the insurer

Insurance, 32 C. J. p. 1348, n. 2.
Life Insurance, 37 C. J. p. 536, n. 79; p. 607, n. 89.

could not legally declare a forfeiture of the policies because of failure of the insured to pay one of the premiums within the specified time.

3. The court did not err in overruling the demurrer.

DECIDED JUNE 14, 1927.

Complaint on life policy; from city court of Macon—Judge Hall. March 25, 1927.

Application for certiorari was denied by the Supreme Court.

*Jones, Jones & Johnston,* for plaintiff in error.

*Walter DeFore, James C. Estes,* contra.

BROYLES, C. J. 1. Suit was brought against the Life Insurance Company of Virginia upon two policies of life insurance issued to the wife of the plaintiff. Under the ruling in *Pate* v. *Life Insurance Company of Virginia,* 19 *Ga. App.* 597 (91 S. E. 883), and the facts of the instant case, the petition was not subject to general demurrer because it showed that no beneficiary was named in the policies declared upon, and that the plaintiff was neither the executor nor the administrator of his deceased wife's estate. The request of counsel for the plaintiff in error that the decision in the *Pate* case, supra, be reviewed and overruled is denied.

2. "Where the insurer, by his custom and course of dealing with the insured, in receiving, without objection, premiums or assessments past due, when he could have insisted upon a forfeiture, has induced the belief on the part of the insured that premiums or assessments can be paid within a reasonable time after they mature, the insurer can not claim a forfeiture because, at the time of the death of the insured, premiums or assessments were due by him which, had he lived, it is reasonable to suppose would have been accepted upon the same terms as those upon which other deferred payments had been received." *Bankers Health & Life Ins. Co.* v. *Givvins,* 12 *Ga. App.* 378 (77 S. E. 203); *Moman* v. *Bankers Health & Life Ins. Co.,* 35 *Ga. App.* 565 (2) (134 S. E. 341); *Cotton States Life Ins. Co.* v. *Lester,* 62 *Ga.* 247 (35 Am. R. 122). Under this ruling and the facts of the instant case, the insurer can not claim a forfeiture of the policies because of the failure of the insured to pay one of the premiums within the time specified in the policies. This is true although each of the policies contained the following stipulation: "It [the policy] shall be void if any premium shall not be paid according to the terms thereof; and it is agreed that this provision, which avoids the policy in

case any premium shall be overdue, shall not be considered in any respect waived by any act of grace by the company in the acceptance of overdue premiums upon this or any other policy."

According to the terms of the policies they became void upon the failure of the insured to pay any premium within four weeks from the date on which it was due. However, the petition showed that payments of many premiums on the policies, more than four weeks in arrears, had been accepted by the insurer in full satisfaction of such premiums, *and that the only payment not so accepted was made "at the office of the district manager of the defendant company in Macon, Ga.," on June 21, 1926, for the premium due on May 17, 1926, and that this payment was made one or two days before the death of the insured.* The petition is silent as to the state of health of the insured on June 21, 1926.

3. Under the above-stated rulings the court did not err in overruling the demurrer to the amended petition.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*