19686. CAROLINA LIFE INSURANCE COMPANY *v.* MOULTRIE.

BROYLES, C. J. 1. "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement." Park's Annotated Code, § 4227.

2. "Where the insurer, by his custom and course of dealing with the insured, in receiving, without objection, premiums or assessments past due, when he could have insisted upon a forfeiture, has induced the belief on the part of the insured that premiums or assessments can be paid within a reasonable time after they mature, the insurer can not claim a forfeiture because, at the time of the death of the insured, premiums or assessments were due by him which, had he lived, it is reasonable to suppose would have been accepted upon the same terms as those upon which other deferred payments had been received." *Bankers Health & Life Ins. Co.* v. *Givvins*, 12 *Ga. App.* 378 (77 S. E. 203); *Cotton States Life Ins. Co.* v. *Lester*, 62 *Ga.* 247 (35 Am. R. 122); *Moman* v. *Bankers Health & Life Ins. Co.*, 35 *Ga. App.* 565 (2) (134 S. E. 341).

3. Under the above-stated rulings and the facts of the instant case, the verdict in favor of the plaintiff was amply authorized, and none of the special grounds of the motion for a new trial show cause for a reversal of the judgment.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JUNE 11, 1929.

*William L. Clay*, for plaintiff in error.
*H. Mercer Jordan, Spence M. Grayson*, contra.