*S. P. New, J. W. Butler,* contra.

23152. ADAMS *v.* WASHINGTON FIDELITY NATIONAL INSURANCE CO.

STEPHENS, J. 1. Although an insurance policy may contain a provision that "no agent has authority to change this policy or to waive any of its provisions," and that "no change in the policy shall be valid unless approved by an executive officer of the company and such approval be indorsed hereon," the provisions of the policy may be changed by the conduct of the company, through its authorized agents, amounting to a waiver of the provisions of the policy, which, when accepted and acted upon by the insured, amount to a change of the contract. A provision of a policy may be altered by a course of dealings between the insurer, through its authorized agent, and the insured, which amounts to a waiver of a deviation from its terms.

2. Where an accident policy providing for a death benefit contains a provision that the monthly premiums required to keep the policy in force are payable at stated periods in advance,—as the first of each month,—but contains no provision as to the place for payment of the premiums, a waiver by the insurer as to the payment of premiums in advance as provided in the policy, and an agreement for the payment of the premiums not in strict accordance with the requirements of the policy, and for their payment at the home of the insured when called for by the insurer's collecting agent, is established by a custom and course of dealings between the insurer and the insured by which the insurer sends to the home of the insured its collecting agent and collects and receives premiums which are past due, without insisting upon a forfeiture of the policy for non-payment of premiums as provided in the contract, and

thereby induces the belief on the part of the insured that the premiums may be paid when called for by the insurer's collecting agent after they mature, or within a reasonable time thereafter, and where the acts of the agent and the custom and course of dealings are known to the insurer, who accepts the premium as thus collected and thereby ratifies the 'agent's acts. The insurer can not, upon the death of the insured, insist upon a forfeiture of the policy by reason of the non-payment, on the date when due, of the premium necessary to have kept the policy in force until the death of the insured, where the insurer's agent had promised the insured to call for the premium on the date when it was due and had failed to do so, but did, in accordance with the custom, call for the premium after it was due, but would not collect it upon finding that the insured had died, and it is reasonable to suppose that, had the insured been in life at the time, the insurer would have accepted the premium on the same terms and conditions on which the other deferred premiums had been accepted and which had kept the policy in force. The insurer therefore can not, upon the ground of the non-payment of the last premium when due as provided in the contract, claim a forfeiture of the policy. The principle is applicable that where there is a deviation from the terms of a contract by one of the parties thereto agreed to by the other, the contract is modified accordingly. *Cotton States Life Ins. Co.* v. *Lester*, 62 *Ga.* 247; *Bankers Health & Life Ins. Co.* v. *Givvins*, 12 *Ga. App.* 378 (77 S. E. 203); *Moman* v. *Bankers Health & Life Ins. Co.*, 35 *Ga. App.* 565 (2) (134 S. E. 341); *Life Insurance Co. of Virginia* v. *Bartlett*, 37 *Ga. App.* 22 (138 S. E. 589); *Carolina Life Ins. Co.* v. *Moultrie*, 40 *Ga. App.* 15 (2) (148 S. E. 628); *Smith* v. *Gholstin*, 45 *Ga. App.* 287 (164 S. E. 217); *Carey v.* John Hancock Mutual Life Ins. Co., 114 App. Div. 769 (100 N. Y. Supp. 289); Vinginerra *v.* Commercial Casualty Ins. Co., 156 N. Y. Supp. 573. The case of *Shellnut* v. *Federal Life Ins. Co.*, 41 *Ga. App.* 386 (153 S. E. 102), is distinguishable in that in that case there does not appear to have been any custom or course of dealings between the parties to the contract, but the custom and course of dealings were between the company and other policyholders, and also the policy provided that the premiums should be paid in advance to the company at its home office.

3. A denial by an insurance company of liability under a life-insurance policy after it had received notice of the insured's death, and a refusal by the company to furnish blanks upon which proofs of death should be made as required by the policy, dispenses with a compliance with this provision of the policy.

4. Where the policy provides that no suit shall be brought for a recovery on the policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of the policy, there can be no recovery by the beneficiary for damages and attorney's fees as provided by law for bad faith on the part of the insurance company in failing to pay the loss unless the company had failed to pay the loss within sixty days after the right to bring suit upon the policy had accrued and a demand for payment made. Civil Code (1910), § 2549; *Lester* v. *Piedmont & Arlington Life Ins. Co.*, 55 *Ga.* 475 (4); *New Zealand Fire Ins. Co.* v. *Brewer*, 29 *Ga. App.* 773 (8) (116 S. E. 922);

*Alliance Ins. Co.* v. *Williamson,* 36 *Ga. App.* 497 (6) (137 S. E. 277); *Globe & Rutgers Fire Ins. Co.* v. *Jewell-Loudermilk Co.,* 36 *Ga. App.* 538 (10) (137 S. E. 286).

5. Under the above rulings the petition, in the suit of the beneficiary under the policy against the insurer, set out a cause of action for the face value of the policy with interest, but not for damages and attorney's fees for bad faith in the failure to pay the amount due under the policy. The court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., dissents.*

DECIDED FEBRUARY 24, 1934.

*Emanuel Kronstadt,* for plaintiff. *Shelby Myrick,* for defendant.

JENKINS, P. J., dissenting. Whatever might be the general rule in view of the precedents cited in the foregoing opinion, I think that provision 3 of the policy here involved, providing that, "if any default be made in the payment of the agreed insurance premium for this policy, the subsequent acceptance of a premium by the company or by any of its duly authorized agents shall reinstate the policy, but only to cover accidental injury thereafter sustained and such sickness as may begin after the date of such acceptance," entirely differentiates the case from those cited in the opinion; and that, in view of this special provision of the policy, the previous acceptances of any past-due premiums from the insured could not be taken to alter the provisions of the contract by setting up a subsequent course of dealings contrary to its terms, but, in view of such provision, the prior payments and the acceptance of premiums in default must be understood to have been made in accordance with this stipulation comprising a part of the contract of insurance. An inference setting up a change in the contract by reason of a subsequent course of dealings is not permissible when the dealings thus relied on are themselves expressly contemplated and specifically provided for by the terms of the contract itself. Accordingly, it is my opinion that, the insured having died on the 7th day of the month while in default as to the current monthly premium, due on the first of the month, the subsequent belated tender of the premium on the 9th, after the death of the insured, could not avail anything.