26350. BOWEN *v.* STATE MUTUAL INSURANCE COMPANY *et al.*

DECIDED OCTOBER 8, 1937.

*David F. Pope,* for plaintiff.
*Wright & Covington,* for defendants.

MacINTYRE, J. Mrs. Matilda Bowen filed suit against the State Mutual Life Insurance Company and State Mutual Insurance Company. The State Mutual Insurance Company by a reinsurance contract absorbed the life company, assumed all its obligations, and undertook to carry out its contracts. On October 27, 1910, W. L. Bowen, the plaintiff's husband, had issued to him a policy of life insurance in the State Mutual Life Insurance Company, in which the company agreed to pay his wife, the plaintiff, $3000 upon the death of the insured, provided the insured complied with the contract. The policy provided that at the end of each

fifth policy year the company would declare a dividend, which, if not received by the insured, would be retained by the company to the credit of the insured and applied to any indebtedness which he might owe the company, or be paid to him; and that any dividends left with it were non-forfeitable. This was a "paid-up policy," and was "issued in consideration of the payment of the single premium written in this policy. The company agrees, upon application by the insured, to charge any part of this single premium against this policy as a loan, provided such loan be not in excess of the loan value stated on the third page thereof, and provided interest on such loan be paid annually in advance at the rate of 4 per cent. per annum." The petition recites that the plaintiff paid a single premium of $1341 when the policy was issued to him. The insured immediately obtained a loan, paying his premium in this manner. The policy provided that the annual interest on this loan could be charged as a further loan on the proceeds thereof, provided the total indebtedness should not exceed the loan value as stated therein, and that if at any anniversary of the policy annual settlement on any indebtedness thereunder should be refused by the insured, or if the total debt due should exceed the loan value of the policy, then, within thirty days from that time, the cash value of the policy as stated therein, together with any dividend to the credit of the policy, should become due and payable to the insured, and the company should have the right to deduct any outstanding debt due from the proceeds of the cash value and any dividend, and the balance, if any, should be tendered to the insured, such action to terminate the contract of insurance. The policy also provided for thirty days grace on the payment of any interest, during which time the policy would be in force. It also provided that if default in the payment of interest had occurred and the loan value had been consumed in the payment of interest, or if the policy had been surrendered by the insured for a paid-up policy, payment of interest might be made at any time within one year from the time of such default, and the policy would be reinstated upon the payment of the defaulted interest with interest thereon at four per cent., and upon complying with the health requirements. The policy provided that any indebtedness thereunder at the time of any settlement should be deducted from the cash-surrender value under the contract, and the other values diminished accordingly. It

also provided that premiums and interest were due and payable at the head office; that if any interest was not paid on or before the due date or within thirty days thereafter, the liability of the company should be only as provided in such case; and that any indebtedness to the company, including any interest unpaid, would be deducted in any settlement or any benefit under the policy.

W. L. Bowen died on October 21, 1935. On May 21, 1936, the plaintiff notified the company, in writing, of his death, and demanded payment of the face value of the policy, less the sum of $1764 loan due to the company and interest thereon, and the sum of $50, with interest, being a note of the insured. The company denied any liability under the policy, claiming that under its terms it had lapsed on February 27, 1932, for non-payment of a note given for interest due on the loan since October 27, 1931. The plaintiff set up that by indulging the insured many times in the payment of interest payments, and by other conduct and treatment of the insured, the company had caused him to believe that it would not insist upon the terms of the contract in his case, and that it had estopped itself from insisting thereon, had novated the original contract, and had by its actions been the cause of the insured's failure to perform; that when the interest fell due in October, 1931, the company informed the insured that if he would pay $20.56 cash and execute a note for the balance of $50, payable February 27, 1932, it would continue the insurance in force; and that when this note became due the insured could pay $20 and interest due on the note and execute another note for the $30; and that the insured paid this sum and executed this note. However, when this note fell due, the company wrote to the insured that his note for $50 and $1 interest was due, and that unless he paid the same the insurance would not longer be in force. It appeared that the amount of the loan and interest at this time exceeded the amount of the loan value of the policy. It is insisted by the plaintiff that the company acted in bad faith in not offering the insured a note for $30 to sign, and allowing him to pay $20 and interest, as it had agreed to do. It does not appear that the insured ever offered to take care of the $50 note in this manner and was refused the right to do so by the company. The plaintiff alleged that the action of the company in refusing to keep the insurance in force and in denying liability and refusing to pay

was in bad faith, and sought to recover the 25 per cent. penalty provided by law, and attorney's fees. The plaintiff sought to recover $5345, less the amount due the insurance company on the loan to date of suit, being $2074.15, leaving an alleged net amount due her of principal, interest, penalty, and attorney's fees of $3270.85, for which she prayed judgment. The insurance company demurred to the petition both generally and specially, and to the judgment dismissing her action the plaintiff excepted.

According to the allegations of her petition and the terms of the policy sued on, the plaintiff is not entitled to recover under any theory advanced. Even if the company had wrongfully terminated the contract in March, 1932, there was at that time nothing due the insured. The loan against the policy, with interest, then exceeded the amount of the loan value of the insurance. The policy provided that if the insured did not, within thirty days after interest on the loan became due, pay such interest, and at the time the loan with interest exceeded the loan value, the company should terminate the insurance. It does not appear that the insured offered to pay the $50 note when due, in the manner claimed, by paying $20 and executing another note for $30. It does not affirmatively appear that the company refused to permit the insured to pay this note given for interest in this manner. The petition alleges that the insurance company notified the insured that his $50 note, with interest, was due, and that the insured did not pay the same. In these circumstances, the petition plainly shows that the termination of the insurance came about through the failure of the insured to pay this note, which had been given to the company in payment of interest due in October of the previous year, and that upon the failure of the insured to pay the same, the loan with interest exceeding the loan value, the company complied with the terms of the mutual contract by terminating the insurance. Then no excuse is given why the insured did not thereafter reinstate or attempt to reinstate the insurance by offering to pay the interest on the loan, as provided in the policy. The company wrote to the insured, on March 14, 1932, that for the above reasons his insurance was no longer in force; and the insured lived until October 21, 1935. No effort was made during all the intervening time, over three years, by the insured to pay any interest or attempt the reinstatement of the in-

surance in any way. The petition does not show any sufficient allegations of estoppel, waiver, or novation on the part of the insurer; nor does it appear how any of these doctrines, under the circumstances, would avail the plaintiff. She claims that there should have been dividends which, if added to the loan value of the policy, would have prevented a termination of the insurance. However, it does not appear that the company ever declared, or even earned, these dividends during the life of this policy. See 32 C. J. 108, and cit. See generally, on the proposition that the plaintiff did not set up a cause of action, *Fountain* v. *Security Mutual Life Ins. Co.*, 20 *Ga. App.* 483 (93 S. E. 118). The cases of *Adams* v. *Washington Fidelity National Ins. Co.*, 48 *Ga. App.* 753 (173 S. E. 247) ; *McEachern* v. *New York Life Ins. Co.*, 15 *Ga. App.* 222-235 (82 S. E. 820), and *Life Ins. Co. of Virginia* v. *Williams*, 48 *Ga. App.* 10 (172 S. E. 101), are not applicable under the facts alleged in the case under consideration, and the provisions of the policy involved in this case. Nothing was ruled in any of those decisions which requires a ruling contrary to that made in this case. It follows that the petition did not show any right to recover, but on the other hand affirmatively showed that the plaintiff was not entitled to recover on the policy sued on. The judge properly dismissed the action on general demurrer.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*