26544. SOVEREIGN CAMP WOODMEN OF THE WORLD *v.* HART.

Decided March 4, 1938.  Adhered to on rehearing March 31, 1938.

*Robert G. Plunkett, R. F. Scarborough,* for plaintiff in error.
*E. Harold Sheals,* for defendant.

STEPHENS, P. J.   Mrs. Anna M. Hart sued the Sovereign Camp Woodmen of the World in the city court of Decatur, alleging that she was the beneficiary of an insurance certificate issued by the defendant to her husband at whose death she became entitled to collect the amount of the policy, that at the time of her husband's death he was a member in good standing and had made all payments required by the certificate and had complied with all of its terms and conditions.   The copy of the certificate attached to the petition required him to pay $3.25 on or before the last day of each month, and stated that the articles of incorporation, the constitution, laws, and by-laws of the association and the application for membership should constitute the agreement between the association and the member.   The defendant answered alleging that it was a fraternal beneficiary association and that it was not indebted to the plaintiff in any sum as the deceased was not a member in good standing at the time of his death, he having failed to pay on or before the last day of September, 1935, the September instalment of his annual assessment, by reason whereof he became suspended on the first day of October, 1935, and the certificate became null and void.   By agreement of counsel the case was submitted to the court for trial upon an agreed statement of facts without the intervention of a jury. The court found for the plaintiff and the defendant moved for a new trial.   The motion for new trial being overruled the defendant excepted and assigned error on the overruling of the motion.

The agreed statement of facts, omitting parts about which there is no dispute, showed that on November 15, 1934, the deceased made application for membership and for issuance to him of a certificate, which application provided that it should constitute the basis and form a part of the certificate, and that he agreed to make all payments as required by the certificate and the constitution, laws, and by-laws of the association, and that if he did not make said payments at the time and for the amount required the certificate should be null and void and all payments thereon be retained

by the association; that the association issued a certificate, a copy of which is attached to the plaintiff's petition; that Mr. Hart paid the monthly instalments for three months, during the months when they respectively became due, but for the next six months all of his payments were from one to ten days late; that the instalment for the month of September, 1935, was never paid or tendered; that Mr. Hart died on October 13, 1935; that Mr. Mills was the local financial secretary to whom monthly instalments were paid, and the monthly reports of Mr. Mills to the home office of the defendant as mailed by him, showed that Mr. Hart was in good standing and that none of his monthly instalments had been paid after the expiration of the current month until the monthly report for September, 1935, which showed that Mr. Hart was suspended for not having paid the September instalment; that the sovereign camp or home office of the defendant had no actual knowledge that any of the monthly instalments had been paid to Mr. Mills after the expiration of the current month for which they were due; that when Mr. Mills made his monthly remittance and report for the month of September, 1935, he reported the suspension of Mr. Hart for nonpayment of the September instalment, which report was received at the sovereign camp or home office of the defendant on October 14, 1935; that the defendant declined payment to the beneficiary on the ground that Mr. Hart automatically became suspended as a member of the association on October 1, 1935, by reason of failure to pay the September instalment of his assessment on or before the last day of September, 1935; that the constitution, laws, and by-laws of the defendant provided that no officer, employee or agent of the sovereign camp or of any camp had the power to waive any of the conditions on which the certificates were issued, or to change, vary, or waive any of the provisions of the constitution or laws, nor should any custom on the part of any camp with or without the knowledge of any officer have the effect of modifying or waiving such laws or requirements, nor should the financial secretary of any camp or any of its officers have any power or authority to waive any provisions of the constitution, laws, and by-laws; that if the member fails to make any monthly instalment on or before the last day of the month he shall thereby become suspended, his beneficiary certificate shall be void, and the contract completely terminated; that whenever instalments are paid by or

for a person who has become suspended for the purpose of again making him a member, such payment shall be held to warrant that he is at the time in good health, and that he will remain in good health for thirty days after such attempt to again become a member, and if the warranty is not true the certificate shall be null and void.

The agreed statement of facts further showed that on October 12, Mr. Mills went to Mr. Hart's place of business for the purpose of collecting the monthly instalment. This was on Saturday, and Mr. Hart, being busy waiting on customers, requested Mr. Mills to return on Monday, and Mr. Mills stated that he would come back on Monday, October 14, and collect the instalment. As to this part of the statement of facts the defendant reserved the right to object to its admissibility. It was further agreed that if the court should hold that the defendant had waived the prompt payment of monthly instalments, no notice was ever given Mr. Hart by the sovereign camp or any officer or agent thereof, or by the financial secretary of the local camp, of the intention of the sovereign camp to again insist upon a strict compliance with the terms of the certificate and the by-laws requiring payment of said monthly instalments. It was further agreed in substance in a letter written by counsel for the defendant to counsel for the plaintiff, which was incorporated in the agreed statement of facts, that if the court should hold from the facts agreed on that there was a waiver of prompt payment of the instalments the payment of the September instalment by or before October 13, or 14, would have been a reasonable time in which to pay it.

Under these facts the contention of the plaintiff in error is that the six consecutive late payments of instalments ought to be assumed or construed as efforts on the part of the insured to reinstate his lapsed certificate. The question being whether the original contract between the parties had been modified by a course of dealing, the evidence contained in the agreed statement of facts, to the admissibility of which the plaintiff in error objected, was admissible to show in part what the course of dealing had been. The question arises as to the knowledge of the association that the local financial secretary accepted six consecutive payments of monthly assessments after they became due under the contract. This secretary was the collecting agent of the association and was charged

with the duty of reporting his collections. Necessarily it was his duty to report the dates on which payments were made, since the continuance or status of the contract depended on the time or times of payment. Under the agreed statement of facts, the secretary sent in to the sovereign camp six monthly reports which falsely stated that the plaintiff had paid in time the instalments due in those months, and that the sovereign camp did not have actual knowledge that any instalment had been paid after the expiration of the current month for which they were due. On account of this ignorance, it is claimed there could have been no waiver of the prompt payment of assessments. It is true as a general rule that knowledge of the facts must exist as a prerequisite to waiver. But this rule is qualified by another principle which says that notice to an agent is notice to the principal. When the agent is acting within the scope of his authority and receives notice or knowledge of a fact material to the business being transacted the principal is absolutely bound by the knowledge of the agent whether the same be communicated to the principal or not. There is an exception in favor of the principal, if the third person was in collusion with the agent. But in this case there is no evidence of collusion. It may seem hard to charge a person with knowledge of a fact which he does not know, but this is exactly what the law does in certain cases of agency. There are numerous insurance decisions in which it has been held that the company will not be heard to say that it did not know some important fact which its agent knew. "Notice to the agent of any matter connected with his agency shall be notice to the principal." Code, § 4-309. *Clubb* v. *American Accident Co.*, 97 *Ga.* 502 (25 S. E. 333); *Wiley* v. *Rome Insurance Co.*, 12 *Ga. App.* 186 (76 S. E. 1067).

This is not a question of the power of the financial secretary to waive any provision of the contract, but is merely the question whether the association is charged with knowledge of the dates on which premiums were paid. These dates were necessarily known to the secretary, and the scope of his duties included truly reporting his collections after making them. There is nothing in the contract which undertakes to protect the association against this knowledge of its agent being imputed to it in the matter now under consideration, though there are provisions of that kind in regard to other matters. A fair construction of the agreed state-

ment of facts as a whole is to the effect that the financial secretary concealed the dates of his collections from the sovereign camp by reporting them as having been made on time, and thus the sovereign camp had no actual knowledge that the payments were made after they were due. The expression "actual knowledge" is evidently used in contradistinction to imputed knowledge which, therefore, is not negatived by the agreement. Having concluded that the agent's knowledge must in this case be imputed to the association, the case comes within the decision in *Adams* v. *Washington Fidelity National Ins. Co.*, 48 *Ga. App.* 753 (173 S. E. 247).

The evidence authorized the judge, passing on the facts, to find that there had been a waiver and to enter the judgment for the plaintiff as agreed upon by counsel. *Sovereign Camp W. O. W.* v. *Milton,* 51 *Ga. App.* 301 (180 S. E. 253); *Commercial Casualty Ins. Co.* v. *Campbell,* 54 *Ga. App.* 530 (188 S. E. 362). There was no error in overruling the motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*

ON REHEARING.

STEPHENS, P. J. The agreed statement of facts shows that no notice was ever given Hart either by the sovereign camp or any officer or agent thereof or by the financial secretary of the intention of the sovereign camp to again insist upon a strict compliance with the terms of the certificate and the by-laws requiring payment of monthly instalments. There is also no evidence that Mr. Hart knew that the financial secretary was reporting his payments as made in time instead of on the dates when the payments were actually made. There was no collusion between him and the financial secretary in this respect. This fact differentiates the case from some decisions cited by the plaintiff in error. Under these circumstances the court trying the case could well hold that the plaintiff below was misled, and that the association was estopped from avoiding the certificate on the ground that the September instalment was not paid on or before the last day of September.

*Judgment adhered to on rehearing. Sutton and Felton, JJ., concur.*