## 33229.   RIVERS *v.* PROVIDENT INDEMNITY LIFE INSURANCE COMPANY.

DECIDED FEBRUARY 20, 1951.

❀    ❀    ❀    ❀    ❀   ❀   ❀   ❀"

344

*Lucian J. Endicott,* for plaintiff.
*John K. Calhoun,* for defendant.

MACINTYRE, P. J. The single question presented for determination is whether the court erred in directing a verdict for the defendant, and from a consideration of the evidence which has been set forth in the foregoing statement of fact, we think that it did. Under the terms of the contract of insurance premiums were payable in advance each Monday. A period of twenty-eight days of grace was allowed on each payment, but failure to make payment of a premium due after the expiration of the grace period automatically effected a lapse of the policy and it was necessary to have the policy formally reinstated. From an examination of the premium receipt book it appears that the last payment made was on December 12, 1949, and that the insured's last payment prior to that time had been made on November 19, 1949 and applied against the premium due on October 24, 1949. It appears, therefore, that at the time the payment was made on December 12, 1949, payments were due for October 31, November 7, 14, 21, 28, December 5, and 12. The payment made on December 12 was $13.30 and if applied to premiums due would have paid the policy up through the week of Monday, November 28, leaving two weeks still past due, but which could have been paid, under the terms of the contract, at any time within twenty-eight days from the dates due.

The defendant contends, however, that since, on December 12, the payment due on October 31 was six weeks past due, the policy had automatically lapsed at the close of business on November 28, the day on which the grace period expired for the payment due on October 31.

The plaintiff contends that if the defendant's contention were true, then its agent should have informed the plaintiff (who made the payment on December 12) that the policy had lapsed, and the agent should have refused to accept the payment and should not have applied this payment, in the premium receipt book, against five of the past-due premiums; and that by the action of its agent, the defendant waived the strict terms of the contract of insurance requiring a formal reinstatement of the policy in the event it became lapsed.

While the defendant's agent testified that upon no occasion' had the terms of the contract ever been waived, an examination of the entries in the premium receipt book, which we presume to be true, reveals that the premium due on May 9 was not paid until July 4, a period of seven weeks after it was due, the premium due on May 16 was not paid until July 11, seven weeks after due, and the payment due on July 25 was not paid until August 27, a period of four weeks and three days after due. There is nothing marked on the premium receipt book to indicate that these payments were made on the date due and later entered on the book under the "receipt-not-lifted" practice of the defendant. There is no evidence that the policy had ever lapsed or had been formally reinstated since its inception to the time it is claimed by the defendant that it had lapsed. Under this evidence, showing the defendant's course of dealing with the insured, the jury, under proper instructions from the court, would have been fully authorized to find that had the insured not died, the deferred payments which were in default at the time of the insured's death would have been accepted and applied against the premiums due without lapsing the policy and requiring formal reinstatement, and to infer that the defendant had by this course of dealing induced the belief on the part of the insured that she might pay the premiums after the expiration of the grace period in case she should live and continue to pay the premiums. And, having drawn such inferences, the jury would have been authorized to find that the payment made on December 12 was actually applied against the premiums past due; that the policy was, therefore, paid up through the week beginning Monday, November 28, and that although the insured died on December 13, with two weeks' premiums

still due, her death occurred within a period of grace when the policy was still in force. It follows that the trial court erred in its failure to submit these questions to the jury, and in directing a verdict for the defendant. See *Bankers Health & Life Ins. Co.* v. *Givvins,* 12 *Ga. App.* 378 (77 S. E. 203); *National Life & Accident Ins. Co.* v. *Lain,* 51 *Ga. App.* 58 (2) (179 S. E. 751); *Moman* v. *Bankers Health & Life Ins. Co.,* 35 *Ga. App.* 565 (134 S. E. 341); *Life Ins. Co. of Virginia* v. *Bartlett,* 37 *Ga. App.* 22 (2) (138 S. E. 589); *Carolina Life Ins. Co.* v. *Moultrie,* 40 *Ga. App.* 15 (148 S. E. 628); *Adams* v. *Washington Fidelity Nat. Ins. Co.,* 48 *Ga. App.* 753 (2) (173 S. E. 247); *Sovereign Camp W. O. W.* v. *Heflin,* 59 *Ga. App.* 299 (200 S. E. 489).

*Judgment reversed. Gardner and Townsend, JJ., concur.*