35029.   REEVES *v.* TANKERSLEY.

DECIDED MARCH 17, 1954.

*Stevens & Stevens,* for plaintiff in error.
*Knox & Neal,* contra.

NICHOLS, J. ■ Error is assigned on a part of the charge submitting to the jury the contentions of the parties as to a bonus of $25 per month to be paid to Tankersley, "if things worked out all right," and "if Reeves made good on the farm," according to the plaintiff, or "if Reeves made good in a sawmill operation," according to the defendant. It is said that a bonus is a gift which cannot be sued for and recovered if not given; and it is also contended that terms providing for a bonus were not pleaded, and that it was not shown that the defendant made good either in farming or in the sawmill business. Both parties submitted evidence to the effect that a bonus of $25 per month was to be paid to Tankersley, upon fulfilment of a condition. This bonus was not a gift, but was in the nature of additional compensation for services rendered. There was evidence that the farm was operated at a profit to Reeves, and thus that he "made good"; he received $11,323.91 for his share of the ginned cotton; his share of expenses for fertilizer and poison was $2,019.52; hail insurance was $93.75; plow tools, etc., $500; and Tankersley's board and salary were $710. No other losses or expenses were shown, and Reeves apparently made $8,000 on the cotton crop of his farm. The evidence pertaining to an agreement to pay Tankersley a bonus was not objected to as unsupported by the pleadings, and was sufficient to authorize the charge complained of. See *National Life &c. Co.* v. *Lain*, 51 *Ga. App.* 58 (3) (179 S. E. 751); *Rocker* v. *DeLoach*, 178 *Ga.* 480 (2) (173 S. E. 709).

■ Tankersley testified that he paid $140 to rent a house in Statesboro for his family because Reeves had not turned over a house to him as agreed, and that he had to make trips to Statesboro to see his family about every other week, incurring expenses of $175 in doing so. The defendant, Reeves, objected on the following grounds: the evidence was foreign to the issues; no damages were sought for a violation of the contract; and the plaintiff was not suing for travel expenses, which were not involved in the action and could not have been anticipated by the defendant. Counsel for the plaintiff explained that the expenses were incurred because of the defendant's failure to comply with the terms of the contract as to furnishing a house. Counsel for the defendant then inquired if the plaintiff was asking a verdict for the expenses so incurred; the plaintiff's counsel said he was.

Asked whether this was included in the amount sought, plaintiff's counsel replied: "Yes. We will just amend and ask for another $1,000 to bring this in." The court did not exclude the evidence, and the plaintiff did not amend his petition.

The petition did not seek recovery of any amount for Reeves' alleged breach of an agreement to furnish a house to Tankersley and his family, and it was not shown that it was necessary for Tankersley to rent a house in Statesboro, 95 to 100 miles away from the Reeves farm, if Reeves did fail to furnish a house as agreed. As stated in *McConnell Bros.* v. *Slappey,* 134 *Ga.* 95 (4), 102 (67 S. E. 440): "The admission of this evidence was error. A case should be tried on its pleadings, not on a promise to plead. The ruling was based on an intention to plead, which was never carried out. Such a practice should not be allowed."

Since the evidence of damages erroneously admitted could have influenced the verdict prejudicially to the defendant only to the extent of the damages testified to, $315, the judgment overruling the motion for new trial is affirmed on condition that the plaintiff write off $315 from the judgment rendered; otherwise, the judgment must be reversed and the case tried again.

*Judgment affirmed on condition. Felton, C.J., and Quillian, J., concur.*