111 Ga. App. 874 (1965)
143 S.E.2d 487
LANIER et al.
v.
LEE (two cases).
41123, 41124.
Court of Appeals of Georgia.
Argued January 12, 1965.
Decided April 27, 1965.
Rehearing Denied June 21, 1965.
Greene, Neely, Buckley & DeRieux, James H. Moore, Albert B. Wallace, for plaintiffs in error.
Guy R. Dunn, John L. Watson, Jr., Kemp & Watson, contra.
BELL, Presiding Judge.
1. Special ground 4 objects to the admission of certain testimony and presents the following contentions: "That the same was irrelevant and immaterial and not pertinent to any issues involved in this case, and under the *875 evidence produced so far, too general and too vague to be a proper question for this witness and for presentation to the jury." This objection is itself too general and too vague to present anything for consideration. Greyhound Corp. v. Clough, 211 Ga. 574 (2) (87 SE2d 387); Isley v. Little, 219 Ga. 23, 28 (7) (131 SE2d 623); McBride v. Johns, 73 Ga. App. 444, 445 (2) (36 SE2d 822); George v. Riley, 106 Ga. App. 550 (2) (127 SE2d 821). See Green, Ga. Law of Evidence (1957 Ed.) 35, § 12.
2. Ground 5 assigns error upon admission of the following testimony of the wife: Question: "In your opinion, in your own honest opinion only, did this accident and the injuries which you received therein have anything to do with your miscarriages?" Answer: "Well, I feel that it is caused from the accident." Defendants based objections to this evidence upon several grounds, one of which stated in substance that the question propounded called for proof not authorized under the pleadings.
The wife's amended petition alleged "that her entire left side was bruised and she suffered bruises and injuries to the ribs located on the left side of the torso; that she received a dislocated vertebra in the back of the neck . . . that as a direct result of said collision she has become extremely nervous. . . and will always be subjected to severe headaches which have been occurring since the date of the accident." None of the plaintiff's pleadings, either those of the wife or those of the husband, charged that the collision caused the wife to suffer miscarriages.
Other evidence showed that the wife had in fact had two miscarriages after the collision. Evidence as to the occurrence of the miscarriages shed light upon the pain and suffering claimed and was admissible for that purpose. Southern Bell Tel. Co. v. Lynch, 95 Ga. 529 (2) (20 SE 500). However, evidence that the injuries sustained in the accident caused the miscarriages, would be relevant only if the action sought to recover damages for the miscarriages as injuries received in the collision.
"The evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." Code § 38-201; Thomas v. *876 State, 95 Ga. App. 699, 707 (99 SE2d 242). It is error to admit over objection evidence which bears no reasonable relation to the issues made by the pleadings. Bower v. Douglass, 25 Ga. 714, 716 (2); Peaglar v. Davis, 143 Ga. 11, 16 (5) (84 SE 59); McGriff v. McGriff, 154 Ga. 560, 567 (3) (115 SE 21); Hawkins v. Hodges, 213 Ga. 837, 841 (3) (102 SE2d 16); Reeves v. Tankersley, 89 Ga. App. 797 (2) (81 SE2d 209). As the evidence complained of placed before the jury for its consideration matter tending only to seek damages for additional injuries not averred in the petition, it was prejudicial to defendants and requires reversal.
Ground 6 relating to admission of the same evidence, is rendered moot by the ruling on ground 5 and requires no further consideration.
3. Grounds 7 and 8 contend that the trial court erred in denying two motions for mistrial made by defendants pursuant to alleged improper conduct of plaintiffs' counsel.
Ground 7 is based upon a reference to defendants' liability insurance coverage made by the plaintiff husband as a witness during direct examination. Defendants insist that by certain questions one of plaintiffs' attorneys intentionally elicited the reference to defendants' insurance company for the purpose of prejudicing the jury. The questions as phrased apparently were designed to elicit the answers actually received. Ordinarily this constitutes grounds for a mistrial. O'Neill Mfg. Co. v. Pruitt, 110 Ga. 577, 579 (36 SE 59); Heinz v. Backus, 34 Ga. App. 203 (2) (128 SE 915); Minnick v. Jackson, 64 Ga. App. 554, 560 (13 SE2d 891).
Ground 8 is based upon a reference to the respective financial standings of the parties, made by one of plaintiffs' attorneys during argument to the jury. This, also, was ground for mistrial. Southern R. Co. v. Black, 57 Ga. App. 592, 593 (5) (196 SE 291); John J. Woodside Storage Co. v. Reese, 105 Ga. App. 602, 604 (125 SE2d 556).
However, the grant of mistrial is discretionary with the trial judge. Code § 81-1009. After the first motion for mistrial discussed here, the court instructed the jury to disregard the reference to the insurance company and rebuked plaintiffs' attorney *877 in the presence of the jury. After the second motion for mistrial, the court again rebuked plaintiffs' attorney.
Whether the court's actions in these instances were sufficient to eradicate from the jurors' minds the improper impressions that they might have received from the conduct of plaintiffs' counsel, we shall not decide, since the case is to be reversed on other grounds. These incidents are not likely to recur at the subsequent trial.
The general grounds were abandoned.
The judgment of the trial court in denying the defendants' motions for new trial is reversed in each case on ground 5 of the motion for new trial.
Judgment reversed. Frankum and Hall, JJ., concur.